# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-74-SLP |
| ) | |
| KENTRAL LADON CASTILLO, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant's Motion to Dismiss the Indictment for Failure to Comply with 18 U.S.C. § 3161(b) [Doc. No. 22]. The Government has responded [Doc. No. 23]. For the reasons that follow, the Motion is DENIED.

The parties do not disagree on the relevant procedural history. The Government filed a Complaint in this action on December 18, 2024. [Doc. No. 1]. Defendant was arrested and made his initial appearance before United States Magistrate Judge Chris M. Stephens on January 28, 2025. *See* Minute Entry [Doc. No. 8]. At that time, the Government orally moved for Defendant to be detained, and Defendant moved for a preliminary hearing on his charges. *See id.* Hearings on those matters were held on February 3, 2025, at which time the Magistrate Judge found probable cause to support the Complaint and ordered Defendant detained. *See id.*; *see also* [Doc. Nos. 14, 15]. On March 4, 2025, the grand jury returned an Indictment charging Defendant with one count of felon-in-possession of a firearm. [Doc. No. 16].[1]

---

[1] The parties agree that a federal grand jury was empaneled and convened on February 4, 2025,

Defendant contends the Indictment was not timely filed under 18 U.S.C. § 3161, which provides:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

*Id.* § 3161(b). As grounds for dismissal, Defendant also cites 18 U.S.C. § 3162, which provides, in pertinent part:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

*Id.* § 3162(a)(1). As relevant here, section 3161(h) provides: "delay resulting from any pretrial motion" is "excluded in computing the time within which an information or an indictment must be filed[.]" *Id.* § 3161(h)(1)(D). This includes the time "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" *Id.*

The Court agrees with the Government that its motion for detention is a "pretrial motion" as provided in § 3161(h)(1)(D). *See United States v. Thompson*, No. 07-CR-0008-CVE, 2007 WL 685689, at *2 (N.D. Okla. Feb. 23, 2007), *aff'd*, 524 F.3d 1126 (10th Cir. 2008) (finding "[t]he period between the [oral] motion for detention and the granting of

---

but Defendant was not indicted at that time. A second federal grand jury convened on February 20, 2025, but Defendant was not indicted on that occasion either.

2

that motion should be excluded in calculating the thirty-day period" to file an indictment under § 3161(b)); *United States v. Williams*, No. 1:21-MJ-00750 KWR, 2021 WL 3860511, at *1 (D.N.M. Aug. 30, 2021) (finding the indictment was timely because the three days between the government's oral motion for detention and the decision on that motion tolled the speedy trial clock); *United States v. Pasquale*, 25 F.3d 948, 950 (10th Cir. 1994) ("Oral motions can toll the Act.").

As such, the seven-day period between the Government's motion on January 28, 2025 and the Magistrate Judge's decision on February 3, 2025 is excludable. *See United States v. Ray*, 899 F.3d 852, 861 (10th Cir. 2018) (noting the Speedy Trial clock "is tolled from the day a litigant files a pretrial motion until the day the court resolves it."); *U.S. v. Dosal*, 125 F.3d 864 (Table), 1997 WL 634091, *2 (10th Cir. 1997) (counting the date on which a pretrial motion was filed and the date of disposition as excludable under the Speedy Trial Act); *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984) (both dates on which an event occurs or a motion is filed and date on which the court disposes of the motion are excluded). Excluding those seven days, twenty-nine (29) days elapsed from Defendant's arrest on January 28, 2025 and his indictment on March 4, 2025. Accordingly, the Indictment was not untimely under 18 U.S.C. § 3161(b).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss the Indictment for Failure to Comply with 18 U.S.C. § 3161(b) [Doc. No. 22] is DENIED.

3

IT IS SO ORDERED this 10th day of April, 2025.

                                                    SCOTT L. PALK
                                                    UNITED STATES DISTRICT JUDGE